IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terrence Lyndon Jermaine Bradshaw, | ) | C/A No. 0:12-3624-DCN-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner, Terrence Lyndon Jermaine Bradshaw ("Bradshaw"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 22.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 24.) Bradshaw filed a response in opposition. (ECF No. 37.) Having carefully considered the parties' submissions and the record in this case, the court finds that Bradshaw's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Bradshaw was indicted in October 2005 in Williamsburg County for murder, assault and battery with intent to kill, possession of a firearm during a violent crime, armed robbery, criminal conspiracy, and possession of a firearm by a person under the age of twenty-one (2005-GS-45-181). Bradshaw was represented by Dobra Jackson, Esquire, and on February 5, 2007 pled guilty to armed robbery pursuant to a negotiated plea. (App. at 3-5, 19, ECF No. 23-1 at 5-7, 21.) The circuit court

sentenced Bradshaw to twenty-two years' imprisonment. (App. at 28, ECF No. 23-1 at 30.) Bradshaw did not file a direct appeal.

Bradshaw filed a *pro se* application for post-conviction relief on January 11, 2008 ("2008 PCR"). (Bradshaw v. State of South Carolina, 08-CP-45-0008, App. at 31-38, ECF No. 23-1 at 33-40.) On April 1, 2009, the PCR court held an evidentiary hearing at which Bradshaw appeared and testified and was represented by Charles T. Brooks, III, Esquire. By order filed June 2, 2009, the PCR court denied and dismissed Bradshaw's PCR application with prejudice. (App. at 80-87, ECF No. 23-1 at 82-89.)

Bradshaw, represented by Appellate Defender Elizabeth Franklin-Best, Esquire, filed a petition for a writ of certiorari. (ECF No. 23-3.) The State filed a return. (ECF No. 23-4.) On June 23, 2011, the South Carolina Supreme Court issued a letter order denying Bradshaw's petition for a writ of certiorari. (ECF No. 23-5.) The remittitur was issued July 11, 2011. (ECF No. 23-6.)

Bradshaw filed a second *pro se* application for post-conviction relief on July 6, 2011 ("2011 PCR"). (Bradshaw v. State of South Carolina, 11-CP-45-0321, ECF No. 23-7.) The State filed a return and motion to dismiss. (ECF No. 23-8.) The PCR court issued a conditional order of dismissal on January 25, 2012, in which it provisionally denied and dismissed Bradshaw's 2011 PCR application as successive to his prior PCR application and as untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a). (ECF No. 23-9.) Bradshaw filed *pro se* responses to the conditional order of dismissal. (ECF Nos. 23-11 & 23-12.) A final order of dismissal was filed on July 13, 2012 which found Bradshaw's 2011 PCR application to be successive and barred by the statute of limitations. (ECF No. 23-13.)

Bradshaw appealed the dismissal of his 2011 PCR application. (ECF No. 23-15.) By letter dated September 14, 2012, Bradshaw was informed by the Clerk of Court of the South Carolina Supreme Court that, because the PCR court had determined that Bradshaw's 2011 PCR action was successive and untimely under the statute of limitations, Bradshaw was required pursuant to Rule 243(c)[1] of the South Carolina Appellate Court Rules to provide a written explanation as to why the PCR court's determination was improper. (ECF No. 23-16.) Bradshaw did not respond. On November 7, 2012, the South Carolina Supreme Court issued an order dismissing Bradshaw's appeal. (ECF No. 23-17.) The remittitur was issued November 27, 2012. (ECF No. 23-18.)

Bradshaw filed the instant Petition for a writ of habeas corpus on December 20, 2012.[2] (ECF No. 1.)

## FEDERAL HABEAS ISSUES

Bradshaw raises the following grounds in his federal Petition for a writ of habeas corpus:

**Ground One:** Denial of Effective Assistance of Counsel
**Supporting Facts:** Plea counsel failed to investigate case. Counsel failed to advise of law and application to facts of case.

**Ground Two:** Denial of Voluntary Guilty Plea
**Supporting Facts:** Guilty plea rendered was involuntary due to ineffective assistance of counsel and was not advised prior to plea of guilty of constitutional rights being waived.

(See ECF No. 1.)

---

[1] This Rule was formerly numbered as South Carolina Appellate Court Rule 227(c).

[2] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

PJG

# DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,

Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Statute of Limitations**

The respondent argues that Bradshaw's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Bradshaw's conviction became final ten days after February 5, 2007, the date of his plea and sentencing, as this was the last date on which he could serve a notice of appeal to the South Carolina appellate courts. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Thus, his conviction became final on February 15, 2007. Accordingly, the limitations period began to run on February 16, 2007 and expired February 15, 2008, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Bradshaw filed his first state PCR application on January 11, 2008. At that point, 329 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations

was tolled during the pendency of the 2008 PCR action until July 11, 2011, when the South Carolina Supreme Court issued the remittitur from its order denying Bradshaw's petition for a writ of certiorari.[3] At this time, Bradshaw had 36 days of statutory time remaining, which mean that Bradshaw had until August 16, 2011 to file a timely federal habeas corpus petition.

Bradshaw filed a second PCR application on July 6, 2011. However, this application did not toll the statute of limitations for the instant federal Petition because the PCR court dismissed it as untimely. Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling). Therefore, Bradshaw's statutory deadline expired on August 16, 2011.

Bradshaw's federal Petition was filed on December 20, 2012—over a year and four months after the expiration of the statute of limitations.

**C.      Bradshaw's Arguments**

In his opposition memorandum to the respondent's motion, Bradshaw primarily presents arguments pertaining to the merits of his Petition. Although he appears to challenge the respondent's argument with regard to the untimeliness of his federal habeas petition, he fails to provide a specific argument in support of his position. (See ECF No. 37-2 at 9-15.) For example, Bradshaw's arguments appear to challenge the PCR court's Order finding that his 2011 PCR application was

---

[3] Although the respondent notes the argument that case law may support the assertion that the a state PCR action is longer pending for purposes of § 2244(d)(2) once a state appellate court has denied relief (see Respt.'s Mem. Supp. Summ. J., ECF No. 23 at 9 n.4), the court has used the date that the remittitur was issued out of an abundance of caution. See Gonzalez v. Thaler, 132 S.Ct. 641, 654 n.10 (2012) (distinguishing between the provisions of § 2244(d)(2) and (d)(1)); see also SCACR 221(b).



untimely filed. The majority of these arguments, however, reiterate the challenges to his mental competency at the time of his guilty plea, which were presented during his 2008 PCR proceedings.

To the extent that Bradshaw's arguments could be liberally construed to allege that he is mentally incompetent, thus preventing him from timely filing his federal habeas corpus petition, the court observes that, in exceptional circumstances, mental incompetence may warrant equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004) ("As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity."); Fisher v. Gibson, 262 F.3d 1135, 1145 (10th Cir. 2001) (finding that petitioner's mere allegations of incompetency at the time of his guilty pleas, which significantly predated his deadline, were insufficient to warrant equitable tolling of the limitations period); Collins v. Scurr, 230 F.3d 1362 (8th Cir. 2000) (Table) (finding that bald and unsupported assertions relating to alleged mental incompetency that occurred at a time remote to petitioner's habeas petition filing deadline did not equitably toll the statute of limitations). However, in this matter, the court finds Bradshaw's argument unsupported. Moreover, the PCR court rejected Bradshaw's assertion that he was mentally incompetent at the time of his guilty plea. In fact, the PCR court specifically found that

> [t]here is no evidence that [Bradshaw] was incompetent either at the time of the plea or at the time of the crimes and no evidence to contradict the [Department of Mental Health ("DMH")] findings. . . . I further find no evidence of prejudice in terms of presentation of [Bradshaw]'s social and mental issues in mitigation. The DMH report, which contains the information about [Bradshaw]'s IQ and family history, was presented to the court during the plea, and [Bradshaw] was found to be competent.

(PCR Order at 5, App. at 84, ECF No. 23-1 at 86.)

In sum, Bradshaw's Petition was filed more than a year after the expiration of the statutory deadline. Even liberally construing Bradshaw's arguments as asserting that he is entitled to equitable tolling, there is simply no indication that he has been pursuing his rights diligently. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."); Pace, 544 U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court).

## RECOMMENDATION

Based upon the foregoing, the court finds that Bradshaw's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 22) be granted and Bradshaw's Petition dismissed as untimely.

October 24, 2013  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Bloom, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).