**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| TERRENCE LYNDON JERMAINE BRADSHAW, | ) ) ) | |
| Petitioner, | ) ) | No. 0:12-cv-03624-DCN |
| vs. | ) ) ) | **ORDER** |
| MICHAEL MCCALL, | ) ) | |
| Respondent. | ) ) | |

This matter is before the court on Magistrate Judge Paige J. Gossett's Report and Recommendation ("R&R") that this court grant respondent Michael McCall's motion for summary judgment. Petitioner Terrence Lyndon Jermaine Bradshaw ("Bradshaw"), who is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed written objections to the R&R. For the reasons set forth below, the court adopts the R&R, grants respondent's motion for summary judgment, and denies the relief requested under § 2254.

## I. BACKGROUND

Bradshaw was indicted in October 2005 for murder, assault and battery with intent to kill, possession of a firearm during a violent crime, armed robbery, criminal conspiracy, and possession of a firearm by a person under the age of 21. Bradshaw pled guilty to armed robbery pursuant to a negotiated plea on February 5, 2007. The circuit court judge sentenced Bradshaw to a twenty-two year term of imprisonment. Bradshaw did not file a direct appeal.

1

Bradshaw filed a pro se application for post-conviction relief ("PCR") on January 11, 2008. On April 1, 2009, an evidentiary hearing was held where Bradshaw was represented by counsel. The PCR court denied the PCR application and dismissed the case with prejudice. With counsel, Bradshaw filed a petition for a writ of certiorari. On June 23, 2011, the South Carolina Supreme Court denied Bradshaw's petition for a writ of certiorari. The remittitur was issued July 11, 2011.

Bradshaw filed a second pro se application for PCR on July 6, 2011. The state filed a return and motion to dismiss. The PCR court issued a conditional order of dismissal on January 25, 2012, in which it provisionally denied and dismissed Bradshaw's second PCR application as successive to his prior PCR application and because it was untimely. Bradshaw filed pro se responses to the conditional order of dismissal. A final order of dismissal was filed on July 13, 2012, which found Bradshaw's second PCR application to be successive and barred by the statute of limitations.

Bradshaw appealed the dismissal of his second PCR application. In a letter dated September 14, 2012, the Clerk of Court of the South Carolina Supreme Court informed Bradshaw that because the PCR court had determined that his second PCR action was successive and untimely under the statute of limitations, Bradshaw was required to provide a written explanation as to why the PCR court's determination was improper. Bradshaw did not respond. On November 7, 2012, the South Carolina Supreme Court issued an order dismissing Bradshaw's appeal. The remittitur was issued November 27, 2012.

On December 20, 2012, Bradshaw, appearing pro se, filed the instant habeas petition pursuant to 28 U.S.C. § 2254. On June 5, 2013, respondent filed a motion for

summary judgment. On October 25, 2013, the magistrate judge recommended granting the motion for summary judgment because Bradshaw filed his petition after the statute of limitations had expired. Bradshaw filed objections. The matter is now ripe for the court's review.

## II.   STANDARDS

### A.     28 U.S.C. § 2254

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides relief to persons in custody pursuant to the judgment of a state court on the ground that the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The statute requires a petitioner to exhaust all available remedies in state court before the federal court may consider a claim. § 2254(b)(1)(A).

When a § 2254 petitioner's habeas claim has been adjudicated on the merits in state court proceedings, the federal review court cannot grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); see also Harrington v. Richter, --- U.S. ---, 131 S.Ct. 770, 785 (2011).

Further, AEDPA requires that an application for a writ of habeas corpus be filed within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). Section 2244(d)(2) allows for tolling of the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

### B.     Objections to R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

### C.   Pro Se Plaintiff

Plaintiff is proceeding pro se in this case.  Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).  Pro se complaints are therefore held to a less stringent standard than those drafted by attorneys.  Id.  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### D.   Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor.  Id. at 255.

## III.   DISCUSSION

Bradshaw's brief is not a model of clarity.  However, construing his objections liberally, it appears that Bradshaw raises two plausible objections to the magistrate judge's conclusion that his petition was untimely under AEDPA:  (1) the magistrate judge erred in determining that he was not entitled to equitable tolling of the statute of

limitations; and (2) even if the statute of limitations has run, he is entitled to relief under the doctrine of actual innocence. The court will consider each objection in turn.

### A.     Equitable Tolling

Bradshaw first argues that he is entitled to equitable tolling of the one-year statute of limitations because his appellate counsel failed to inform him of the deadline for filing a federal habeas petition and because he was depressed and did not have the mental capacity to understand the requirements for filing such a petition. Pet'r's Objections 2-3.

A petitioner seeking the application of equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The limits on equitable tolling stem from the fact "Congress enacted AEDPA to reduce delays in execution of state and federal criminal sentences . . . and to further principles of comity, finality and federalism." Woodford v. Garceau, 538 U.S. 202, 206 (2003) (internal citations and quotations omitted). As noted by the Supreme Court, "[t]he 1 year limitation period of Section 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments." Duncan v. Walker, 533 U.S. 167, 179 (2001). The Fourth Circuit has cautioned that the application of equitable tolling "be guarded and infrequent," and "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Bradshaw first argues that he is entitled to equitable tolling because his counsel failed to inform him of the deadline for filing a federal habeas petition. Pet'r's

Objections 2-3.  Other courts addressing equitable tolling have found that ignorance of the AEDPA filing deadline is not an extraordinary circumstance.  Jones v. S. Carolina, No. 4:05-cv-2424-CMC, 2006 WL 1876543 (D.S.C. June 30, 2006); see also Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").  Additionally, courts have been reluctant to consider a mistake of counsel grounds for equitable tolling. Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) ("[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."); Beery v. Ault, 312 F.3d 948, 951 (8th Cir.2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); Ehrhardt v. Cartledge, No. 3:08-cv-2266-CMC, 2009 WL 2366095 (D.S.C. July 30, 2009) (holding that reliance on PCR appellate counsel's incorrect advice regarding the filing deadline for does not entitle petitioner to equitable tolling); cf. Goedeke v. McBride, 437 F. Supp. 2d 590 (S.D. W. Va. 2006) (finding statute of limitations equitably tolled when petitioner's counsel consistently represented that he would file a habeas petition and petitioner had no reason to disbelieve his counsel's assurances).  Therefore, Bradshaw is not entitled to equitable tolling even if his appellate counsel failed to inform him of AEDPA's statute of limitations.

Next, Bradshaw claims that he is entitled to equitable tolling because he "went through a relaps (sic) of depression" that altered his "mental capacity to understand his legal functions."  Pet'r's Objections 2.  "As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound

mental incapacity." United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004); see Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (finding equitable tolling based on mental condition to be appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence"). Bradshaw has not asserted that his mental condition rises to this level. Therefore, Bradshaw's depression does not entitle him to equitable tolling.

For these reasons, Bradshaw has not made a sufficient showing that the statute of limitations for his habeas petition should be equitably tolled.

### B.     Actual Innocence

Bradshaw next argues that he is entitled to habeas relief under the doctrine of actual innocence. Pet'r's Objections 12.

The Supreme Court has recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to bring a habeas petition after the statute of limitations expires. McQuiggin v. Perkins, --- U.S. ---, 133 S.Ct. 1924, 1928 (2013) ("[A] credible showing of innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief."). However, "claims of actual innocence are rarely successful," Schlup v. Delo, 513 U.S. 298, 324 (1995), and "should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998). To establish actual innocence, a petitioner must show that his guilty plea "has probably resulted in the conviction of one who is actually innocent," Bousley v. United States, 523 U.S. 614, 623-624 (1998) (citation omitted), and must make that showing with "clear and convincing evidence" that was "not presented at trial." Calderon v. Thompson, 523 U.S. 538, 558-59 (1998). Actual innocence means "factual innocence

not mere legal insufficiency." Bousley, 523 U.S. at 623.  Thus, an actual innocence claim will succeed only in a "severely confined category [of] cases." McQuiggin, 133 S.Ct. at 1933; see House v. Bell, 547 U.S. 518, 521 (2006) (emphasizing that the exception is limited to "certain exceptional cases involving a compelling claim of actual innocence"); Schlup, 513 U.S. at 324 (noting that "experience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare").

Bradshaw's brief, while difficult to parse, appears to rely on a variety of evidence which he argues tends to show he is innocent.  However, Bradshaw has failed to present any new, reliable evidence that establishes by clear and convincing evidence his innocence on the criminal charge to which he pled guilty.  See Schlup, 513 U.S. at 324 (holding that to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial").

Therefore, Bradshaw's claim of actual innocence fails.[1]

---

[1] Additionally, the court is mindful of the Supreme Court's admonition that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." United States v. Timmreck, 441 U.S. 780, 784 (1979).  As such, a defendant's statements during a plea colloquy "carry a strong presumption of verity" that poses "a formidable barrier in any subsequent collateral proceedings." United States v. Lemaster, 403 F.3d 216, 219-20 (4th Cir. 2005) (quoting Blackledge, 431 U.S. at 74).  "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a [plea] colloquy is conclusively established, and a district court should . . . dismiss any [habeas petition] that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.  Absent clear and convincing evidence to the contrary, which Bradshaw has not presented here, a defendant

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, **DENIES** petitioner's habeas petition brought under 28 U.S.C. § 2254, and **GRANTS** respondent's motion for summary judgment.

Additionally, the court **DENIES** a certificate of appealability because petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**February 4, 2014
Charleston, South Carolina**

---

is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation.  Id.